IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DAVID RUSSELL #1636898 | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:13cv966 |
| OLIVER BELL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff David Russell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Russell complained that an officer named Ziegermann falsified a disciplinary case against him and the disciplinary hearing officer, Major Rayford, violated his right to due process by accepting the falsified case and the testimony of the charging officer. He further said that warden Wheat threatened to send him to "keeplock" (23 hour a day confinement) or to transfer him to another prison unit because he, Russell, exercised his right to complain. Finally, Russell asserted that Texas Board of Corrections Chairman Oliver Bell and TDCJ Director Brad Livingston implemented policies which violated his rights and privileges and failed to curb the actions of their subordinates.

The Defendants filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Russell did not file a response to the motion.

After review of the pleadings, the magistrate judge issued a report recommending that the motion to dismiss be granted and that the lawsuit be dismissed. In his objections to the report,

1

Russell states that the magistrate judge did not understand what he is complaining about and did not view his complaint in the light of a *pro se* litigant. Russell also complains that the magistrate judge cited unpublished decisions, to which he has been unable to gain access. He states that the defendants' actions have intensified the arthritis in his hands, although he made no mention of such a claim in his amended complaint.

Russell fails to show that the magistrate judge did not understand his complaint. The report reveals that the magistrate judge painstakingly recounted Russell's factual allegations and identified his legal claims. Nor has Russell shown that the magistrate judge did not treat his complaint with the liberality that befits a *pro se* litigant.

While the magistrate judge did cite some unpublished cases, a review of the report demonstrates that the vast majority of these cases were cited as secondary authority or as examples of factual applications rather than legal principles. The Court is aware that prisoners experience difficulty in gaining access to unpublished cases, but in this instance, the magistrate judge cited published cases in support of each legal conclusion except for the unremarkable proposition that the filing of a false disciplinary case is essentially a claim of malicious prosecution; the magistrate judge then cited a published case to show that there is no federal constitutional claim based on the tort of malicious prosecution. The numerous published cases cited by the magistrate judge were more than ample to permit Russell to research the law and present cogent objections to the magistrate judge's proposed findings, conclusions, and recommendations. Russell's contention that receiving an allegedly false disciplinary case somehow aggravated the arthritis in his hand also fails to show that the magistrate judge's proposed findings, recommendations and conclusions were in error. Russell's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review,

2

the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 26) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Defendants' motion to dismiss (docket no. 21) is **GRANTED** and the above-styled civil action is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). It is further

**ORDERED** that the Clerk shall send a copy of this opinion to the Administrator of the Three Strikes List for the Eastern District of Texas. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**SIGNED this 28th day of January, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE