IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| DAVID A. RUSSELL | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:13cv966 |
| OLIVER BELL, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTION FOR RELIEF FROM JUDGMENT

The Plaintiff David Russell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Russell complained of various alleged constitutional violations, including denial of due process in a purportedly false disciplinary case, retaliation and threats, double-celling in a small cell, and implementation of unconstitutional policies by supervisory officials. Russell asserted that the Defendants' actions violated prison rules, state law, federal criminal law, and the Privileges and Immunities Clause of the United States Constitution.

The Defendants filed a motion to dismiss and this motion was granted. The lawsuit was dismissed on January 28, 2015. Russell subsequently sought to file an amended complaint and to reopen the time to appeal, both of which requests were denied on July 28, 2015. He filed a notice of appeal, but subsequently withdrew this appeal.

On August 26, 2015, Russell filed a motion for relief from judgment, asserting that the court applied incorrect legal principles, he was told by a prison law library officer that the Court was going to set aside the judgment because Russell filed an amended complaint after the case was dismissed,

1

his case is "on all fours" with a number of published decisions, and he never had an opportunity to respond because officials at the Powledge Unit were acting in concert against him. Russell also complained that he submitted evidence supporting his claims on the same day he received the final judgment, the judgment of dismissal was void because it was based on a denial of due process, he should have been given leave to amend his complaint, he was the victim of retaliation over a period of several weeks, he was denied propr lighting for a year because he had to surrender an allegedly contraband light, several of the defendants have been transferred to other units which is an admission of liability, his witnesses have also been transferred, his pleadings are not conclusory, and he has proffered clear and convincing evidence of his claims.

After review of the pleadings, the Magistrate Judge issued a report recommending that Russell's motion for relief from judgment be denied. The Magistrate Judge set out the standards governing Rule 60(b) motions and determined that Russell did not meet these standards. Specifically, the Magistrate Judge concluded that none of the documents attached to Russell's purported second amended complaint, filed after the lawsuit was dismissed, provided any valid basis for setting aside the judgment. The Magistrate Judge further stated that Russell's claim that the judgment was void lacked any basis in law, Russell offered nothing to show mistake, inadvertence, surprise, excusable neglect, fraud, misconduct, or misrepresentation of an adverse party so as to justify setting aside the judgment, and almost three months elapsed between the filing of the motion to dismiss and the report recommending that the motion be granted, which was more than enough time to allow Russell to file a response. The magistrate judge further stated that Russell offered nothing to suggest the determination that he failed to state a claim upon which relief may be granted was in error.

In his objections, Russell states that he has newly discovered evidence showing substantial damage to his hands as a result of being placed on a work detail, in that he received a work restriction preventing his assignment to a job involving repetitive use of hands. He states that an X-ray shows "degenerative joint changes without evidence of fracture or dislocation," which Russell

interprets to mean that the bones in his hand have "collapsed in on themselves." On January 19, 2012, however, another doctor said there was evidence of fracture and breakage to the scaphoid bones.

Russell contends that he could not answer the Defendants' answer to his complaint because of the damage done to his hands, although another inmate loaned him a typewriter which was illegally gained (by that other prisoner). He could not file any pleadings between August and December of 2014 except for two letters.

Next, Russell complains that no answer was ever filed, making it impossible for him to respond. Nor was any motion for summary judgment ever filed. He asserts that if a case survives initial screening, then it states a claim upon which relief may be granted.

Russell maintains that he amended his complaint as soon as he could and that the Defendants' claims were addressed in this amended complaint. He claims that he demonstrated "malicious behavior" in the confiscation of his property and that he "prevented theft" by demanding that the Defendant Officer Zeigerman handle his ID properly. He discusses each of the documents which he submitted and says that but for the call for a ranking officer, he would not have received a disciplinary case.

Next, Russell states that Warden Wheat is not merely sued as a supervisor, but because Wheat threatened him with a higher degree of prison security in retaliation for his exercise of the right to report official misconduct. His witnesses were transferred and he was threatened with a transfer. Captain Rayford, the disciplinary hearing officer, concealed relevant information and granted Officer Zeigerman the authority to act on Rayford's behalf.

Third, Russell complains about being forced to work with his hands, rendering him in too much pain to write any pleadings. He states that his case might be dismissed for failure to prosecute if he does not actively pursue it, but the Court did not notify him that further delays could result in dismissal. He argues that he should have received the same opportunity as a non-indigent litigant to amend his complaint.

In a Rule 60(b) motion, the movant must show that he is entitled to relief from judgment because of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misconduct, or misrepresentation of an adverse party; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying the granting of relief from the judgment. Relief will be granted only in "unique circumstances," and the district court has considerable discretion in determining whether the movant has met any of the Rule 60(b) factors. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Russell's claim that a law library official told him his case would be reopened does not amount to "excusable neglect." None of the documents attached to his untimely second amended complaint show any basis to set aside the final judgment. His lawsuit concerned a disciplinary case which he received, not the work detail to which he was assigned.

After the order to answer was issued, the Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Such a motion sets off the time to answer in that if the court denies the motion to dismiss, the answer will be due 14 days after notice of the court's action pursuant to Fed. R. Civ. P. 12(a)(4)(A). Although Russell complains that he did not have an opportunity to respond, some four and a half months elapsed between the filing of the motion to dismiss and the magistrate judge's recommendation that this motion be granted, giving Russell ample time to respond. He states that he could not respond due to a hand injury but he was able to correspond with the court three times during this period of time.

Russell's second amended complaint was filed over a week after the lawsuit was dismissed and over six months after the Defendants filed their motion to dismiss. He cannot amend his complaint after the lawsuit has been dismissed. *Aaes v. 4G Companies*, 558 F.App'x 423 (5th Cir., March 13, 2014), *citing Whitaker v. City of Houston*, 963 F.2d 831, 832 (5th Cir. 1992); *see also U.S. v. Memphis Cotton Oil Co.*, 288 U.S. 62, 72, 53 S.Ct. 278, 282 (1933) (in a lawsuit after the complaint has been dismissed, "there is no longer anything to amend.")

4

The magistrate judge discussed Russell's retaliation claim and determined that it had no merit. The magistrate judge also determined that Russell's due process claim against Captain Rayford lacked merit. Russell's objections fail to show that the magistrate judge's conclusions in this regard were in error.

Russell discusses failure to prosecute, but the magistrate judge recommended that the lawsuit be dismissed for failure to state a claim upon which relief could be granted, not for failure to prosecute. Russell 's objections do not show any basis for relief under any section of Fed. R. Civ. P. 60(b) and are without merit.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which objection was made. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the report of the magistrate judge (docket no. 43) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) (docket no. 39) is **DENIED.**

**SIGNED this 3rd day of March, 2016.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE